UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STACIA HERREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:23-cv-116 |
| | ) |
| DIVERSITY-VUTEQ, LLC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Stacia Herren ("Plaintiff" or "Herren"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Diversity-Vuteq, LLC., ("Defendant") under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*

**PARTIES**

2. At all times relevant, Plaintiff resides in, and is a citizen of, the State of Indiana.

3. Defendant, Diversity-Vuteq, LLC., is a corporation that maintains facilities and conducts business within the geographical boundaries of the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, § 1343, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1988, and/or 42 U.S.C. § 12117.

5. At all times relevant, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

## FACTUAL ALLEGATIONS

8. Plaintiff, Stacia Herren, has been subjected to disability discrimination and retaliation as set forth herein.

9. Plaintiff was hired as a Quality Resident Engineer by the Defendant on or about January 10, 2022.

10. In about early April, 2022, Plaintiff suffered lower back pain radiating into her left leg. The condition worsened over successive days. Plaintiff experienced both pain and loss of sensation which substantially limited major life activities, including, but not limited to, walking, standing, and lifting.

11. On or about April 10, 2022, Plaintiff was diagnosed with a large central disk extrusion at the L5-S1 location (lumbosacral joint) in her spine. Plaintiff underwent emergency surgery on or about April 11, 2022.

12. During the recovery period from surgery, Plaintiff remained disabled. Healing incisions and post-surgical pain substantially limited the Plaintiff's major life activities, including, but not limited to, walking, standing, and lifting.

13. On or about April 18, 2022, Plaintiff made a formal written request to the Defendant for an unpaid leave of absence in order to accommodate her temporary disability while recovering from surgery.

14. Plaintiff made the formal written request for leave after first communicating with

the Defendant's HR Manager, Michelle Gray ("Gray"), who advised Plaintiff to request a "Personal Leave of Absence" under company policy.

15. On or about April 21, 2022, Gray phoned the Plaintiff and informed her that the request for "Personal Leave of Absence" had been denied because Plaintiff had been employed with the Defendant for fewer than 6 months. Gray further informed the Plaintiff that her employment was terminated but that she could reapply for her position after full recovery.

16. Although Plaintiff was specifically directed to apply for a "Personal Leave of Absence" by Defendant's HR Manager Gray, the Defendant's own policies also provided for "Unpaid Medical Leave" for employees who become medically unable to work due to injury or illness once the employee had completed their orientation period. The Plaintiff had completed her orientation period and would have been eligible for the Defendant's Unpaid Medical Leave.

17. Defendant, by and through its agents, employees, and/or representatives, did not engage in a good faith interactive process with the Plaintiff in an attempt to reasonably accommodate Plaintiff's disability.

18. Rather than engaging in a good faith interactive process, the Defendant specifically directed Plaintiff to apply for a form of leave that did not apply to her situation. Moreover, the Defendant intentionally directed the Plaintiff away from a form of leave which did apply and which would have accommodated her disability.

19. As evidenced, in part, by the existence of Defendant's own "Unpaid Medical Leave" policy, the Plaintiff's request for leave as an accommodation for her disability was reasonable. Providing the Plaintiff with unpaid medical leave would not have created undue hardship on the Defendant and Defendant's failure and refusal to do so was unreasonable.

20. On or about May 9, 2022, less than (30) after her surgery, Plaintiff was cleared by

her physician to return to work without restriction.

21. On or about May 12, 2022, Plaintiff advised Defendant that she had been cleared to return to work without restrictions.

22. Defendant has failed and refused to even respond to the Plaintiff. Defendant has further failed and refused to restore the Plaintiff to her former position.

23. Defendant took adverse employment actions against the Plaintiff, including the denial of Plaintiff's reasonable request for leave, terminating Plaintiff's employment, and failing to rehire the Plaintiff because of her disability, record of a disability, and/or perception of disability.

24. Defendant took adverse employment actions against the Plaintiff, including the denial of Plaintiff's reasonable request for leave, terminating Plaintiff's employment, and failing to rehire the Plaintiff in retaliation for requesting a reasonable accommodation.

25. The Defendant's unlawful actions have violated the Plaintiff's rights as protected by the Americans With Disabilities Act.

26. The Plaintiff has suffered damages as a result of the Defendant's unlawful actions.

27. At all relevant times, Plaintiff's work performance met or exceeded the Defendant's expectations.

## COUNT I

### DISABILITY DISCRIMINATION -ADA

28. Plaintiff hereby incorporates paragraphs 1-27 of her Complaint.

29. Plaintiff requested a reasonable accommodation from Defendant.

30. Defendant took adverse employment actions against Plaintiff due to her request for a reasonable accommodation and/or based on her disability, record of a disability, and/or a perception of her being disabled.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

32. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT II

## DISABILITY RETALIATION – ADA

33. Plaintiff hereby incorporates paragraphs 1-32 of her Complaint.

34. Plaintiff requested a reasonable accommodation from Defendant. Plaintiff's request for a reasonable accommodation constitutes protected conduct under the ADA.

35. Defendant took adverse employment actions against Plaintiff in retaliation for her engagement in protected conduct.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

37. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin (7576-49)

*/s/ Chad M. Buell*
Chad M. Buell  (20044-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com

*Counsels for Plaintiff, Stacia Herren*

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

    Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin (7576-49)

*/s/ Chad M. Buell*
Chad M. Buell  (20044-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com

*Counsels for Plaintiff, Stacia Herren*